**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

LIANG LIANG,

Petitioner,

v.

MARKWAYNE MULLIN, et al.,

Respondents.

CASE NO. 5:26-cv-06357-SK

**ORDER GRANTING PETITION IN PART (BOND HEARING)**

A-File No. 240-789-773

The petition for a writ of habeas corpus under 28 U.S.C. § 2241 is GRANTED IN PART. The ex parte application for a temporary restraining order is DENIED as moot. Judgment will be entered accordingly.

No later than 7 days from this order, petitioner LIANG LIANG (A# 240-789-773) shall be released from ICE custody unless she is provided a prompt custody redetermination hearing under 8 U.S.C. § 1226(a) and 8 C.F.R. § 236.1(d)(1). *See Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1167 (9th Cir. 2026) ("A § 1226(a) detainee will be released on bond if he demonstrates by a preponderance of the evidence that he is not a flight risk or a danger to the community.") (citing *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022)).

Consistent with agency regulations and practice, the immigration judge would retain ordinary discretion to continue the hearing for a reasonable period based on a valid showing of good cause—including petitioner's need to secure appearance of immigration counsel and marshal

documentary evidence. *See*, *e.g.*, 8 C.F.R. § 1003.29.

The court retains jurisdiction to enforce its judgment, subject to the limits of 8 U.S.C. § 1226(e). *See*, *e.g.*, *Gomez v. Blanche*, No. 2:26-CV-09172-SK, 2026 WL 2743119, at *1 (C.D. Cal. Sept. 15, 2026); *see also Fan v. Bondi*, --- F. Supp. 3d ---, 2026 WL 2276462, at *14 (C.D. Cal. Aug. 6, 2026).

IT IS SO ORDERED.

DATED: October 27, 2026

HON. STEVE KIM
United States Magistrate Judge